Richard T. FLETCHER,
Plaintiff–Appellant,

v.

Anthony PALAZZO, Supervisor Customer Service, John Condiles, Retired Manager, David Guttman, RMO & Manager Customer Service, Defendants,

**John E. Potter, Postmaster General Defendant–Appellee.**

No. 04–3618–CV.

United States Court of Appeals, Second Circuit.

Oct. 17, 2005.

Richard T. Fletcher, New York, New York, for Plaintiff–Appellant, pro se.

Lawrence H. Fogelman, Assistant United States Attorney (David N. Kelly, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, New York, for Defendant–Appellee.

PRESENT: WALKER, Chief Judge, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Fletcher appeals from the district court's May 27, 2004 (Gabriel W. Gorenstein, *Magistrate Judge*), final judgment dismissing plaintiff's Title VII race discrimination claim, 42 U.S.C. § 2000e *et seq.*, on summary judgment against defendant-appellee Potter, Postmaster General. This case was heard before a magistrate judge by the parties' consent.

Plaintiff worked as a custodian for the United States Postal Service at the Peter Stuyvesant Station. In November of 2000, plaintiff complained to the Equal Employment Opportunity counselor that he was not receiving overtime assignments to which he felt entitled and that overtime assignments were being given to other, less senior custodians. He alleged that this mistreatment was on account of his race. Rather than pursue a formal resolution, plaintiff opted for an informal dispute resolution process. As a result of that, the Postal Service and plaintiff agreed that plaintiff was entitled to thirty-nine hours and twenty-one units of overtime and that a labor-management meeting would be held to discuss the issue of "Monday overtime." However, in July 2001, plaintiff alleged that the agreement was not being honored because he was still not receiving the overtime assignments that he considered owed to him. A meeting was held in August 2001 as per the terms of the agreement, but plaintiff remained unsatisfied

and appealed to the Equal Employment Opportunity Commission ("EEOC"). That appeal was denied, and plaintiff instituted this action.

Plaintiff appeals the magistrate judge's dismissal of his claims, arguing that 1) the magistrate was wrong to interpret the settlement agreement as resolving his claim for Monday overtime; 2) it was error to dismiss his additional claims as unexhausted; and 3) he should have been allowed to present the evidence of Leon Yeserski, an assistant manager.

Because all issues were resolved by summary judgment, this court reviews the record de novo. This court should affirm if Fletcher could not demonstrate any set of facts upon which a reasonable juror could find in his favor. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003). We also note that, per Local Rule 56.2 of the Southern District, Fletcher was served with appropriate notice regarding the consequences of summary judgment and what was necessary for him to bring to court to survive the motion and get to trial. *Forsyth v. Fed'n Employment & Guidance Serv.*, 409 F.3d 565, 570 (2d Cir.2005).

Potential Title VII plaintiffs are permitted to waive their claims and proceed by other means. However, waivers will only be accepted by the court if they were knowing and voluntary. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir.1998). This circuit uses a totality of the circumstances test to determine whether waivers are valid. It considers six factors: 1) the education and experience of the plaintiff; 2) the amount of time the plaintiff had to examine the agreement; 3) the role of the plaintiff in drafting its terms; 4) the agreement's clarity; 5) whether plaintiff was counseled; and 6) whether the consideration given to plaintiff exceeds what was required by law. *See Bormann v. AT & T*

*Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir.1989). The list is not exhaustive, and all factors need not be met or considered. *See Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1368 (2d Cir.1991). The district court's findings of fact adequately support its holding that Fletcher's waiver was knowing and voluntary. Fletcher's deposition testimony was clear, and the court's analysis of the *Livingston* factors was not erroneous. Despite Fletcher's contrary contentions, the settlement explicitly covers his claim for Monday overtime. Therefore, to the extent his present lawsuit raises those claims again, they are barred by the settlement agreement. If Fletcher believes the terms of the agreement to have been violated, he must proceed by the terms of that agreement and reinstate his EEOC complaint.

Plaintiff's amended complaint also appears to raise new issues unrelated to his denial of overtime assignments. In his amended complaint, plaintiff raises claims of harassment and abuse of authority by his Postal Service supervisors. These claims were not raised in plaintiff's original EEOC complaint. As a prerequisite to pursuing a Title VII claim in federal court, a plaintiff must file an EEOC complaint, naming the appropriate party. *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir.1991). Since plaintiff did not raise these claims with the EEOC in the first instance, they are not properly before this court.

We have carefully considered plaintiff's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the District Court of the Southern District of New York is hereby **AFFIRMED**.